AUTOZONE, INC., Petitioner,

v.

Salvador REYES, Respondent.

No. 07–0773.

Supreme Court of Texas.

Dec. 5, 2008.

Roger W. Hughes, Adams & Graham, L.L.P., Harlingen, TX, Tracy Kern, Jones Walker Waechter Poitevent Carrere & Denegre, L.L.P., New Orleans LA, for Petitioner.

Miguel Salinas, Law Office of Miguel Salinas, Brownsville, Ricardo J. Navarro, Alan Troy Ozuna, Denton, Navarro, Rocha & Bernal, P.C., Harlingen, TX, for Respondent.

PER CURIAM.

After he was discharged from his job at AutoZone, Inc., sixty-two-year-old Salvador Reyes sued AutoZone for age discrimination. AutoZone contended Reyes was discharged because he sexually harassed a female co-worker. The jury found for Reyes, and the trial court entered judg-

ment on the verdict. The court of appeals determined that statements made by an AutoZone employee not involved in or connected with Reyes's discharge and evidence of discipline meted out to other employees for sexual harassment comprised legally sufficient evidence to support the finding of age discrimination. 2006 WL 3824936. We disagree. We reverse and render.

During the relevant time involved in this case, AutoZone's employment policy specifically addressed sexual harassment. It stated, in part, that

> AutoZone won't tolerate sexual harassment or harassment of any nature. Such conduct, or encouraging or condoning such conduct, may result in immediate termination.
>
> . . . .
>
> Sexual harassment includes unwelcome verbal, nonverbal or physical sexual advances.
>
> . . . .
>
> Any AutoZoner who receives a complaint or becomes aware of a sexual harassment situation should report the allegation to management *immediately*.

Irma Knowles, an AutoZone employee, told a co-worker about actions by Reyes that arguably violated AutoZone's sexual harassment policy after the co-worker inquired into Reyes's behavior. Reyes was a parts service manager in the same Auto-Zone store where Knowles worked. Knowles's co-worker reported the situation to an AutoZone manager. The regional manager initiated an investigation and temporarily reassigned Reyes from the store where Knowles worked. As part of its investigation, AutoZone assigned a loss prevention manager, Ken Knecht, to take written statements from Knowles, Reyes, and other involved employees. According to Knowles's written statement, Reyes hugged her, tried to kiss her, held her hand, and asked her for dates on various occasions. She said that when Reyes took those actions she would pull away from him and call him a "dirty old man." In her written statement, Knowles also said that Jim Alvarado, another parts service manager in the store where Knowles worked, leaned against her on numerous occasions, but she did not state that she pulled away from him or verbally responded to him as she did with Reyes. She related that she did not report any of the occurrences with Reyes or Alvarado because she was a "single parent" and was "afraid for my job." In his written statement, Reyes admitted that he engaged in some of the alleged behavior and acknowledged that he should not hug, touch, or kiss another employee. Alvarado denied Knowles's allegations in his written statement. Knecht forwarded the statements and results of his investigation to AutoZone management in Memphis, Tennessee. There they were reviewed by employee relations specialist Melody Jones. Based on the investigation report, Jones recommended that Reyes be discharged.

After receiving Jones's recommendation, the San Antonio regional manager discharged Reyes for violating AutoZone's sexual harassment policy. The discharge documents reflected that Reyes was not eligible for rehire. Alvarado was not discharged. Jones recommended his transfer to a different store be made permanent so he and Knowles would no longer be working together. Alvarado quit the day after Reyes was fired.

Reyes sued AutoZone for age discrimination. The jury found that Reyes's age was a motivating factor in AutoZone's decision "to discriminate against or discharge" Reyes. AutoZone appealed, arguing among other matters that the evidence was legally insufficient to support the finding.

The court of appeals affirmed. 272 S.W.3d 644. The court of appeals concluded that the following evidence was legally sufficient to support the finding of discrimination: (1) statements made to Alvarado by Jesse Villarreal, manager of the store to which Reyes and Alvarado were assigned after AutoZone initiated its investigation, to the effect that AutoZone intended to get rid of "the old people," and (2) evidence that some younger employees who violated AutoZone's sexual harassment policy either were not fired or were eligible for rehire with "provision" or "reservation" notations on their records. *Id.* at 650.

In this Court, AutoZone continues to challenge, as one of its issues, the legal sufficiency of the evidence to support the finding that age was a motivating factor in Reyes's discharge or that he was discriminated against in any way.

■■ In reviewing for legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict, disregarding all contrary evidence that a reasonable jury could have disbelieved. *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005). Even though the evidence is viewed in the light most favorable to the verdict, it cannot be considered in isolated bits and pieces divorced from its surroundings; it must be viewed in its proper context with other evidence. *Id.*

■■ Under the Texas Commission on Human Rights Act (the Act), an employer may not discriminate against or discharge an employee based on "race, color, disability, religion, sex, national origin, or age." Tex. Lab.Code § 21.051. By adopting the Act, the Legislature "intended to correlate state law with federal law in employment discrimination cases." *Ysleta Indep. Sch. Dist. v. Monarrez,* 177 S.W.3d 915, 917 (Tex.2005) (quoting *Wal–Mart Stores, Inc. v. Canchola,* 121 S.W.3d 735, 739 (Tex.

2003)). Therefore, we look to federal law to interpret the Act's provisions. *Id.; Wal–Mart,* 121 S.W.3d at 739; *Quantum Chem. Corp. v. Toennies,* 47 S.W.3d 473, 476 (Tex.2001); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 24 (Tex.2000). To establish a violation of the Act, a plaintiff must show that he or she was (1) a member of the class protected by the Act, (2) qualified for his or her employment position, (3) terminated by the employer, and (4) treated less favorably than similarly situated members of the opposing class. *Monarrez,* 177 S.W.3d at 917; *see Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). In this case, Reyes bore the burden of proving that age was a motivating factor in a decision by AutoZone to discriminate against him. *Wal–Mart,* 121 S.W.3d at 739; *Quantum Chem.,* 47 S.W.3d at 480.

■ AutoZone first argues that Villarreal's comments to Alvarado that Reyes was terminated because AutoZone was trying to get rid of "the old people" have no evidentiary value. AutoZone urges that the comments were both stray remarks and made by a person who did not take part in and had no input into the ultimate decision to discharge Reyes. Reyes, on the other hand, contends that Villarreal's statements were direct evidence of AutoZone's intent to discharge employees based on considerations of age.

■■ We have held that stray remarks are insufficient to establish discrimination and statements made remotely in time by someone not directly connected with termination decisions do not raise a fact issue about the reason for termination. *See M.D. Anderson,* 28 S.W.3d at 25; *see also Arismendez v. Nightingale Home Health Care, Inc.,* 493 F.3d 602, 607–08 (5th Cir. 2007); *Elgaghil v. Tarrant County Junior*

*Coll.,* 45 S.W.3d 133, 140 (Tex.App.-Fort Worth 2000, pet. denied). Statements and remarks may serve as evidence of discrimination only if they are (1) related to the employee's protected class, (2) close in time to the employment decision, (3) made by an individual with authority over the employment decision, and (4) related to the employment decision at issue. *Arismendez,* 493 F.3d at 608. In determining whether the individual making the remark had authority over the employment decision, consideration is not limited to statements by the person who officially made the decision. *Id.* at 608; *Russell v. McKinney Hosp. Venture,* 235 F.3d 219, 226–27 (5th Cir.2000). Discriminatory animus by a person other than the decision-maker may be imputed to an employer if evidence indicates that the person in question possessed leverage or exerted influence over the decision-maker. *Russell,* 235 F.3d at 226–27.

In this case, the evidence showed that Villarreal neither played any part in Auto-Zone's investigation or decision to discharge Reyes, nor did he possess any leverage over or exert any influence over the investigation or decision. The undisputed evidence is that Rene Munoz, the San Antonio regional manager, made the decision to terminate Reyes after Jones, an AutoZone employee relations specialist in Tennessee, recommended the action after she reviewed the written statements taken by Knecht. There is no evidence that Knecht or any other person involved in the investigation or decision ever took a statement from or spoke with Villarreal. Further, Villarreal did not work in the store where the sexual harassment allegedly occurred, and he was not part of the management team that investigated and made the decision to discharge Reyes. Although Villarreal was a store manager, he had no authority over Reyes until Auto-Zone transferred Reyes and Alvarado to his store after the incidents with Knowles had occurred and the investigation was underway. Villarreal, who no longer worked for AutoZone, testified at trial and denied having any connection with or knowledge of the investigation or decision to discharge Reyes.

Reyes argues that Villarreal's statements have evidentiary weight because Villarreal had no personal discriminatory animus but merely conveyed to Alvarado his knowledge of AutoZone's reason for terminating Reyes. But there is no evidence that Villarreal had a basis on which to represent AutoZone's motive or intent as to Reyes's discharge. Regardless of whether Villarreal's statements were an expression of what he *thought* to be Auto-Zone's purpose, there was no evidence that Villarreal was involved in, had leverage over, or knew or was in a position to know whether Reyes's age was a motivating reason for the discharge. As to Villarreal's statements about AutoZone getting rid of "the old people," Villarreal testified at trial that he intended to convey only his personal opinion that AutoZone was trying to rid itself of long-time managers who had become too lax and were not adhering to AutoZone's policies. Alvarado, who like Villarreal no longer worked for AutoZone, testified that he understood Villarreal's statements to refer to the length of time employees had been with AutoZone, not the employees' age. When considered in context, as they must be, *see City of Keller,* 168 S.W.3d at 827, Villarreal's statements are not evidence that age was a motivating factor in any of AutoZone's decisions as to Reyes.

We next address AutoZone's assertion that Reyes's ineligibility for rehire was not evidence that it discriminated against Reyes by treating him less favorably than similarly-situated younger em-

ployees. To prove discrimination based on disparate discipline, "the disciplined and undisciplined employees' misconduct must be of 'comparable seriousness.'" *Monarrez*, 177 S.W.3d at 917. The situations and conduct of the employees in question must be "nearly identical." *Id.* at 917–18. Employees with different responsibilities, supervisors, capabilities, work rule violations, or disciplinary records are not considered to be "nearly identical." *See id.* at 917; *see also Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 514–15 (5th Cir.2001). The situations and conduct of employees is not nearly identical "when the difference between the plaintiff's conduct and that of those alleged to be similarly situated accounts for the difference in treatment received from the employer." *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 221 (5th Cir.2001).

 Reyes argues that the record reflects three instances in which AutoZone's discipline of younger employees differed from and was less onerous than his. First, Reyes references evidence that Alvarado, Reyes's younger co-worker, was only permanently transferred to another store while Reyes was discharged. Alvarado's circumstances, however, were not "nearly identical" to Reyes's. Knowles's written statement that AutoZone considered in reaching its decision as to Reyes stated that Reyes held her hands, hugged her, attempted to kiss her, and asked her for dates. Reyes stated that he sometimes held or grabbed Knowles's hand, hugged her, and kissed her; that he knew he should not hug, touch, or kiss another employee; and that although he believed he did not intentionally harass anyone, he was probably "too friendly, not with some but with all my fellow employees, male and female." On the other hand, as to Alvarado, Knowles's written statement only said that he occasionally leaned against her,

and Alvarado categorically denied the allegation. During the investigation, the co-worker who reported Reyes's actions to management and who encouraged Knowles to report the incidents stated that Knowles informed him that Reyes kissed her but not that Alvarado touched or leaned against her. Jones, who recommended Reyes's termination, testified at trial that her recommendation was based on his written statement admitting to actions that constituted sexual harassment and admitting he recognized the actions were inappropriate. Jones testified that she did not recommend discharging Alvarado because in his written investigation statement, he denied committing the alleged actions and there was nothing to substantiate them. The evidence as to Reyes's and Alvarado's circumstances does not rise to the level that, viewed in the light most favorable to the judgment, a reasonable jury could find the circumstances were "nearly identical" for the purposes of establishing discrimination based upon disparate discipline.

 Next, Reyes argues that AutoZone treated Elroy Harrison, a forty-year-old AutoZone employee, differently than Reyes although their situations were similar. According to Reyes, AutoZone gave Harrison a warning after his first reported incident, while Reyes was discharged. However, the evidence showed that Harrison's first incident and warning did not involve sexual harassment—it involved a non-sexual negative comment about a co-worker in front of a customer. Harrison was later discharged for an act of sexual harassment, but the incident for which he received the warning was not in the same category of conduct for which Reyes was discharged. *See Perez v. Tex. Dep't of Criminal Justice, Inst. Div.*, 395 F.3d 206, 213 (5th Cir.2004) (holding that in order for circumstances to be nearly identical, the misconduct itself must be nearly iden-

tical). Thus, evidence as to Harrison's circumstances was not probative of discrimination against Reyes based upon disparate discipline.

■ Finally, Reyes argues that there was evidence younger employees who committed sexual harassment remained eligible for rehire after termination, while he did not. Under AutoZone's termination procedures, a store manager completes a payroll termination report that includes a question as to whether the employee is eligible for rehire. Three such termination reports indicated that employees younger than Reyes who had been terminated for sexual harassment remained eligible to be rehired while Reyes did not. Reyes argues that the reports show a trend of disparate discipline based upon age. We disagree.

Between 1999 and 2001, AutoZone terminated twenty-three employees for sexual harassment; seventeen were under the age of forty. Evidence that the termination reports of three of the seventeen employees indicated they were eligible for rehire was not probative evidence that AutoZone treated younger employees who committed sexual harassment differently than Reyes was treated. First, fourteen of the seventeen were not eligible for rehire. Second, the reports were not completed by the same official or in the same office as Reyes's termination report. Two were completed by store managers in Ohio and one by a store manager in New Mexico. *See Monarrez,* 177 S.W.3d at 917 (noting that the circumstances must be "comparable in all material respects, including similar standards, supervisors, and conduct"). Third, Munoz explained at trial that the termination reports are prepared for payroll purposes only and are many times completed by managers who have no knowledge of the reason for termination. As to the three employees Reyes claims

were eligible for rehire, there was no evidence about the position or level of knowledge of the persons who completed the reports. Finally, AutoZone supervisors testified without contradiction that it is AutoZone's policy not to rehire any employee who has been terminated for sexual harassment, and there was no evidence that AutoZone has ever done so, regardless of whether the termination reports reflected eligibility for rehire. In sum, Reyes presented no evidence under which a reasonable jury could find that AutoZone treated him less favorably than any other employee who had violated its sexual harassment policy.

We conclude that the evidence is legally insufficient to support the jury finding that age was a motivating factor in any action AutoZone took as to Reyes. We sustain AutoZone's first issue. Sustaining AutoZone's issue challenging the legal sufficiency of the evidence requires us to reverse and render judgment for AutoZone, so we do not address AutoZone's remaining issues. Without hearing oral argument, we reverse the court of appeals' judgment and render judgment that Reyes take nothing. *See* Tex.R.App. P. 59.1.