# NO. 12-09-00329-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KATHERINE R. MACKEY AND* | *§* | *APPEAL FROM THE* |
| *ALL OTHER OCCUPANTS,* | | |
| *APPELLANTS* | | |
| | | |
| *V.* | *§* | *COUNTY COURT AT LAW#2* |
| | | |
| *HOUSING AUTHORITY OF THE* | | |
| *CITY OF GLADEWATER, TEXAS,* | | |
| *APPELLEE* | *§* | *GREGG COUNTY, TEXAS* |

---

## *MEMORANDUM OPINION*

Katherine R. Mackey appeals from a judgment evicting her from an apartment and ordering the payment of back rent. In three issues, she contends that the evidence is insufficient to support the judgment of the trial court. We affirm.

### BACKGROUND

At the time litigation began in the trial court, Katherine R. Mackey was a resident in a federally subsidized apartment building managed by the Housing Authority of the City of Gladewater ("Housing Authority"). She originally signed a lease with the Housing Authority in March 2008 in which she represented that her minor daughter resided with her. Based on the relevant regulations and on Mackey's representation of her family size, she was allowed to rent a two bedroom apartment. In addition, the amount of rent she was required to pay for the apartment was determined on the basis of her reported income and family size.

In December 2008, the Housing Authority determined that Mackey's daughter did not live with her often enough for her to be considered a resident of the apartment for the purposes of calculating Mackey's entitlement to housing benefits. The Housing Authority wrote Mackey a

letter in December 2008 telling her that it had recalculated her rent based on their assessment of her family size and that she owed back rent from October 2008. In March 2009, Mackey recertified her family status, but she stopped paying rent on that date because, she later testified, she had not "understood anything" that the Housing Authority had told her.

The Housing Authority notified her on March 24, 2009 that it was terminating her lease for nonpayment of back rent. The Housing Authority brought an action in the justice court in April 2009 and obtained a judgment for possession of the property the same month. An appeal was brought to the County Court at Law No. 2 for Gregg County, and a trial de novo was conducted in July 2009. The trial court granted judgment to the Housing Authority awarding it possession of the premises, a money judgment, costs, and attorney's fees. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In three issues, Mackey argues that there is no evidence or insufficient evidence that she breached her lease by not making back rent payments. Specifically, she argues that her report that her daughter lived with her comported with the relevant housing rules and the Housing Authority's conclusion to the contrary was not supported by the evidence at trial.

### Standard of Review

When the appellant challenges the legal sufficiency of the evidence to support a finding on which she did not have the burden of proof at trial, the appellant must demonstrate that no evidence exists to support the adverse finding. *See Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex. 1983). In reviewing the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the verdict. *See AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008). The test for legal sufficiency "must always be whether the evidence at trial would enable [a] reasonable and fair-minded [fact finder] to reach the [result] under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Legal sufficiency review must credit favorable evidence if a reasonable fact finder could, and disregard contrary evidence unless a reasonable fact finder could not. *Id*.

We sustain a legal sufficiency challenge when the record discloses one of the following situations: (1) there is a complete absence of evidence establishing a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the

evidence conclusively establishes the opposite of a vital fact. *See **Uniroyal Goodrich Tire Co. v. Martine**z*, 977 S.W.2d 328, 334 (Tex. 1998); *see also **City of Keller***, 168 S.W.3d at 810. Anything more than a scintilla of evidence is legally sufficient to support the finding. *See **Cont'l Coffee Prods. Co. v. Cazarez***, 937 S.W.2d 444, 450 (Tex. 1996); ***Leitch v. Hornsby***, 935 S.W.2d 114, 118 (Tex. 1996). More than a scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about the existence of a vital fact. *See **Rocor Int'l, Inc. v. Nat'l Union Fire Ins. Co.***, 77 S.W.3d 253, 262 (Tex. 2002).

The fact finder is the sole judge of the credibility of the witnesses and the weight to be assigned to their testimony. *See **City of Keller***, 168 S.W.3d at 819. Reviewing courts must assume that the fact finder decided all credibility questions in favor of the verdict, crediting testimony favorable to the verdict and disbelieving testimony contrary to it if a reasonable person could do so. ***Id***.

**Analysis**

Mackey argues that the evidence is insufficient to establish that her daughter did not live with her more than half the time, there is no evidence that the child was not a resident of Mackey's apartment, and that there is no evidence that she misrepresented her family composition. We will address these questions together because they all turn on the common question of whether the trial court's finding that Mackey's daughter did not live with her more than half the time is supported by the evidence.

The parties agree on much of the evidence and the relevant legal standards in this case. The Housing Authority agrees that it had the burden of proof at trial to show that Mackey was in violation of the lease for nonpayment of back rent. Mackey did not pay the back rent. She did not owe the back rent if her daughter lived with her more than half the time because, in that case, the daughter was a resident of the apartment and the March 2008 calculation of rent is the correct one. If her daughter did not live in the apartment more than half the time, Mackey owed the back rent.

The trial court issued written findings of fact and conclusions of law. The trial court found that the child was not living on the premises as "prescribed in the lease agreement," that Mackey has misrepresented the facts as to her family composition, and that she owed and had not paid back rent.

There were three areas of evidence or testimony at trial that related to how often

Mackey's daughter lived with her. First, Mackey signed an affidavit for appointed counsel in a previous eviction proceeding in which she stated that her daughter stayed with her on the weekends. The second item was testimony by an agent of the Housing Authority that when recertifying Mackey's rent for the second year, Mackey told her that the child lived with her father in West Rusk. This testimony is supported by a contemporaneous notation on the application that includes notes memorializing that conversation and also shows Mackey's daughter's name crossed out.

Finally, there is Mackey's testimony in which she stated that her daughter lived with her when school was not in session. She testified that her daughter attended school in West Rusk, where her father resided, but that she lived with her father only on Monday, Tuesday, Wednesday, and Thursday nights when school was in session. She testified that the child's father's girlfriend picked the child up on Monday mornings and took her to school. Mackey also testified that she did not tell the agent that her daughter did not live with her and that the notes and the crossing out of the name occurred after her recertification interview. She testified that her statement in the affidavit was an incomplete one and that her daughter lived with her for more than just weekends. Finally, although it is difficult to parse what she meant, Mackey testified that the Housing Authority "knew that [her daughter] was staying the school year with the dad and the rest of the time she would be with [Mackey]."

The trial court's resolution of whether Mackey's daughter lived with her for more than half the year relied in large part on its assessment of the relative credibility of the witnesses. Generally, we must defer to the fact finder's assessment of credibility to the extent that is possible. *See City of Keller*, 168 S.W.3d at 819. And when an appellant makes a "no evidence" legal sufficiency challenge, we must simply determine if there is more than a scintilla of evidence to support the verdict. *See Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727–28 (Tex. 2003). Evidence does not exceed a scintilla if it is so weak as to do no more than create a mere surmise or suspicion that the fact exists. *See Kroger Tex. Ltd. v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006).

Given a straightforward reading, the affidavit and the conversation with the agent are consistent with Mackey's daughter's living with her less than half the year. Mackey's testimony, if credited, is consistent with her daughter's living with her more than half the year. Mackey suggests that the evidence can be reconciled. She notes that she signed the affidavit during the

school year and so the affidavit should be read to mean that her daughter was staying with her on the weekends during the school year. She further argues that the evidence regarding the recertification process can be understood to mean simply that Mackey's daughter was going to school in the district where her father lived.

The trial court could have accepted this construction of the evidence. However, it was not required to accept Mackey's qualifications or explanations of the evidence or to construe the affidavit and testimony about the recertification interview in the way Mackey suggests they should be understood. The evidence supporting the conclusion that Mackey's daughter did not live with her more than half the year is not so weak that the trial court could not rely on it. Because more than a scintilla of evidence supports the trial court's ruling, we hold that the evidence is legally sufficient to support the verdict. We overrule Mackey's three issues.

## DISPOSITION

Having overruled Mackey's three issues, we *affirm* the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered May 12, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)