**Affirmed and Majority and Dissenting Opinions filed January 29, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00969-CV

---

**ANN ROSENBERG, Appellant**

**V.**

**KIPP, INC., Appellee**

---

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2012-23965**

---

## D I S S E N T I N G   O P I N I O N

The plaintiff asserted an age-discrimination claim against her former employer, an entity generally entitled to governmental immunity. Under a recent opinion of the Supreme Court of Texas, the trial court erred in dismissing this claim for lack of subject-matter jurisdiction. Therefore, this court should reverse the trial court's dismissal of this claim and remand for further proceedings.

**I.**

Appellant/plaintiff Ann Rosenberg filed suit against appellee/defendant KIPP, Inc. asserting an age-discrimination claim under the Texas Commission on Human Rights Act (hereinafter, the "Act"). In 2012, the Supreme Court of Texas held that, in an age-discrimination case in which the terminated employee was replaced, to establish a prima facie case of age discrimination under the Act, the plaintiff must show that the plaintiff was (1) a member of the protected class, (2) qualified for the employment position, (3) terminated by the employer, and (4) replaced by someone younger.[1] *See Mission Consol. Indep. School Dist. v. Garcia*, 372 S.W.3d 629, 632 (Tex. 2012) ("*Garcia II*"). Rosenberg was replaced.[2] Therefore, to establish a prima facie case of age discrimination, she must show these four elements. *See id.*

---

[1] The majority concludes that the fourth element of Rosenberg's prima facie case is that she "was replaced by someone outside her protected class, or in the disparate treatment case, that others similarly-situated were treated more favorably." *Ante* at p. 7. The majority relies on *AutoZone, Inc. v. Reyes* for this proposition, but the court in that case stated a fourth element materially different from the fourth element stated by the majority. *See* 272 S.W.3d 588, 592 (Tex. 2008). In addition, the *AutoZone* case is not on point because it did not involve an age-discrimination case in which the terminated employee was replaced. *See id.* at 592–94; *Mission Consol. Indep. School Dist. v. Garcia*, 372 S.W.3d 629, 640 (Tex. 2012) (distinguishing the *AutoZone* case because it did not involve an age-discrimination case in which the terminated employee was replaced). The majority's fourth element conflicts with *Mission Consolidated Independent School District v. Garcia*, in which the Supreme Court of Texas held that the fourth element is that the plaintiff was "replaced by someone younger." *See Mission Consol. Indep. School Dist.*, 372 S.W.3d at 641–42.

[2] Rosenberg asserts that she was replaced by Thomas G., a person younger than Rosenberg. In its plea to the jurisdiction, KIPP asserted and submitted evidence that it replaced Rosenberg with Thomas G., a person who was fifty years old at the time, and thus younger than Rosenberg, who was sixty-four years old. In the statement of facts of her appellate brief, Rosenberg states that she was replaced by Thomas G., a person younger than Rosenberg. Because KIPP has not contradicted these facts, this court accepts them as true. *See* Tex. R. App. P. 38.1(g) (stating that "[i]n a civil case, the court will accept as true the facts stated [in the statement-of-facts section of appellant's brief] unless another party contradicts them.").

2

## II.

In the trial court, KIPP obtained a dismissal of Rosenberg's age-discrimination claim for lack of subject-matter jurisdiction based upon its plea to the jurisdiction, and in the alternative, motion for summary judgment. KIPP did not challenge the sufficiency of the allegations in Rosenberg's petition; instead, KIPP challenged the existence of jurisdictional facts. *See id*. at 635; *Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Therefore, this court considers relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *See Miranda* at 227. If the evidence creates a fact question regarding the jurisdictional issue, then a pre-trial dismissal for lack of jurisdiction is improper. *See id*. at 227–28. But, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the court rules as a matter of law. *Id.* at 228.

Though KIPP submitted evidence, none of the evidence challenged the existence of any of the four elements of Rosenberg's prima facie case. KIPP does not dispute that Rosenberg was over forty years old and thus a member of a protected class. Nor does KIPP dispute that Rosenberg was qualified for her employment position or that KIPP terminated her employment, or that Rosenberg was replaced by someone younger. Because there is at least a fact issue as to each element of Rosenberg's prima facie case, the trial court erred in dismissing Rosenberg's age-discrimination claim before trial for lack of subject-matter jurisdiction. *See Garcia II*, 372 S.W.3d at 635–38, 642 (stating that, if a defendant challenges the existence of jurisdictional facts regarding an age-discrimination claim under the Act, the plaintiff need only raise a fact issue as to the challenged elements of the plaintiff's prima facie case to avoid a pre-trial dismissal for lack of subject-matter jurisdiction); *Fort Bend ISD v. Williams*, No. 01-13-00052-CV, 2013 WL 4779693, at *3 n.4 (Tex. App.—Houston [1st Dist.] Sept. 5, 2013, no

3

pet.) (stating that "the Texas Supreme Court determined in *Garcia II* that only the prima facie elements of the plaintiffs case are jurisdictional") (mem. op.); *accord KIPP, Inc. v. Whitehead*, 446 S.W.3d 99, 112–13 (Tex. App.—Houston [1st Dist.] 2014, pet. filed). Though KIPP sought dismissal based on the second and third prongs of the *McDonnell Douglas* analysis of the merits, which follows after the plaintiff has made the prima facie showing, the high court in *Garcia II* determined that these issues should not be used as a basis for obtaining a pre-trial jurisdictional dismissal. *See Garcia II*, 372 S.W.3d at 635–38, 642; *Fort Bend ISD*, 2103 WL 4779693, at *3 n.4; *KIPP, Inc.*, 446 S.W.3d at 112–13.

The majority's analysis conflicts with the Supreme Court of Texas's opinion in *Garcia II* and with precedent from the First Court of Appeals. *See Garcia II*, 372 S.W.3d at 636–38, 642; *Fort Bend ISD*, 2103 WL 4779693, at *3 n.4; *KIPP, Inc.*, 446 S.W.3d at 112–13. This court should reverse the trial court's order and remand for further proceedings. Because it does not, I respectfully dissent.

/s/ Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown. (Donovan, J., majority).

4