NO. 12-09-00329-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

KATHERINE R. MACKEY
AND                  §                    APPEAL FROM THE 

ALL OTHER OCCUPANTS,

APPELLANTS

 

V.                                                                    
§                     COUNTY COURT AT LAW#2

 

HOUSING AUTHORITY OF THE

CITY OF GLADEWATER, TEXAS,

APPELLEE                                                   §                      GREGG
COUNTY, TEXAS







            MEMORANDUM
OPINION

Katherine
R. Mackey appeals from a judgment evicting her from an apartment and ordering
the payment of back rent.  In three issues, she contends that the evidence is
insufficient to support the judgment of the trial court.  We affirm.

 

Background

At
the time litigation began in the trial court, Katherine R. Mackey was a
resident in a federally subsidized apartment building managed by the Housing
Authority of the City of Gladewater (“Housing Authority”).  She originally
signed a lease with the Housing Authority in March 2008 in which she
represented that her minor daughter resided with her.  Based on the relevant
regulations and on Mackey’s representation of her family size, she was allowed
to rent a two bedroom apartment. In addition, the amount of rent she was
required to pay for the apartment was determined on the basis of her reported
income and family size. 

In
December 2008, the Housing Authority determined that Mackey’s daughter did not
live with her often enough for her to be considered a resident of the apartment
for the purposes of calculating Mackey’s entitlement to housing benefits.  The
Housing Authority wrote Mackey a letter in December 2008 telling her that it had
recalculated her rent based on their assessment of her family size and that she
owed back rent from October 2008.  In March 2009, Mackey recertified her family
status, but she stopped paying rent on that date because, she later testified,
she had not “understood anything” that the Housing Authority had told her.

The
Housing Authority notified her on March 24, 2009 that it was terminating her
lease for nonpayment of back rent.  The Housing Authority brought an action in
the justice court in April 2009 and obtained a judgment for possession of the
property the same month.  An appeal was brought to the County Court at Law No.
2 for Gregg County, and a trial de novo was conducted in July 2009.  The trial
court granted judgment to the Housing Authority awarding it possession of the premises,
a money judgment, costs, and attorney’s fees.  This appeal followed.

 

Sufficiency
of the Evidence

In
three issues, Mackey argues that there is no evidence or insufficient evidence
that she breached her lease by not making back rent payments.  Specifically,
she argues that her report that her daughter lived with her comported with the
relevant housing rules and the Housing Authority’s conclusion to the contrary was
not supported by the evidence at trial.  

Standard
of Review

            When
the appellant challenges the legal sufficiency of the evidence to support a
finding on which she did not have the burden of proof at trial, the appellant
must demonstrate that no evidence exists to support the adverse finding.  See
Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983).  In
reviewing the legal sufficiency of the evidence, we consider the evidence in
the light most favorable to the verdict.  See AutoZone, Inc. v.
Reyes, 272 S.W.3d 588, 592 (Tex. 2008).  The test for legal sufficiency
“must always be whether the evidence at trial would enable [a] reasonable and
fair-minded [fact finder] to reach the [result] under review.”  City of
Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  Legal sufficiency
review must credit favorable evidence if a reasonable fact finder could, and
disregard contrary evidence unless a reasonable fact finder could not.  Id.

            We
sustain a legal sufficiency challenge when the record discloses one of the
following situations: (1) there is a complete absence of evidence establishing
a vital fact, (2) the court is barred by rules of law or of evidence from
giving weight to the only evidence offered to prove a vital fact, (3) the
evidence offered to prove a vital fact is no more than a mere scintilla, or (4)
the evidence conclusively establishes the opposite of a vital fact.  See
Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334 (Tex.
1998); see also City of Keller, 168 S.W.3d at 810. 
Anything more than a scintilla of evidence is legally sufficient to support the
finding.  See Cont’l Coffee Prods. Co. v. Cazarez, 937 S.W.2d
444, 450 (Tex. 1996); Leitch v. Hornsby, 935 S.W.2d 114, 118
(Tex. 1996). More than a scintilla of evidence exists if the evidence furnishes
some reasonable basis for differing conclusions by reasonable minds about the
existence of a vital fact.  See Rocor Int'l, Inc. v. Nat'l Union
Fire Ins. Co., 77 S.W.3d 253, 262 (Tex. 2002). 

The
fact finder is the sole judge of the credibility of the witnesses and the
weight to be assigned to their testimony.  See City of Keller,
168 S.W.3d at 819.  Reviewing courts must assume that the fact finder decided
all credibility questions in favor of the verdict, crediting testimony
favorable to the verdict and disbelieving testimony contrary to it if a
reasonable person could do so. Id.

Analysis

            Mackey
argues that the evidence is insufficient to establish that her daughter did not
live with her more than half the time, there is no evidence that the child was
not a resident of Mackey’s apartment, and that there is no evidence that she
misrepresented her family composition.  We will address these questions
together because they all turn on the common question of whether the trial
court’s finding that Mackey’s daughter did not live with her more than half the
time is supported by the evidence.

            The
parties agree on much of the evidence and the relevant legal standards in this
case.  The Housing Authority agrees that it had the burden of proof at trial to
show that Mackey was in violation of the lease for nonpayment of back rent.  Mackey
did not pay the back rent.  She did not owe the back rent if her daughter lived
with her more than half the time because, in that case, the daughter was a
resident of the apartment and the March 2008 calculation of rent is the correct
one.  If her daughter did not live in the apartment more than half the time,
Mackey owed the back rent.

            The
trial court issued written findings of fact and conclusions of law.  The trial court
found that the child was not living on the premises as “prescribed in the lease
agreement,” that Mackey has misrepresented the facts as to her family
composition, and that she owed and had not paid back rent.  

            There
were three areas of evidence or testimony at trial that related to how often
Mackey’s daughter lived with her.  First, Mackey signed an affidavit for appointed
counsel in a previous eviction proceeding in which she stated that her daughter
stayed with her on the weekends.  The second item was testimony by an agent of
the Housing Authority that when recertifying Mackey’s rent for the second year,
Mackey told her that the child lived with her father in West Rusk.  This
testimony is supported by a contemporaneous notation on the application that
includes notes memorializing that conversation and also shows Mackey’s
daughter’s name crossed out.  

Finally,
there is Mackey’s testimony in which she stated that her daughter lived with
her when school was not in session.  She testified that her daughter attended
school in West Rusk, where her father resided, but that she lived with her
father only on Monday, Tuesday, Wednesday, and Thursday nights when school was
in session.  She testified that the child’s father’s girlfriend picked the
child up on Monday mornings and took her to school.  Mackey also testified that
she did not tell the agent that her daughter did not live with her and that the
notes and the crossing out of the name occurred after her recertification interview. 
She testified that her statement in the affidavit was an incomplete one and
that her daughter lived with her for more than just weekends.  Finally,
although it is difficult to parse what she meant, Mackey testified that the Housing
Authority “knew that [her daughter] was staying the school year with the dad
and the rest of the time she would be with [Mackey].”

            The
trial court’s resolution of whether Mackey’s daughter lived with her for more
than half the year relied in large part on its assessment of the relative
credibility of the witnesses.  Generally, we must defer to the fact finder’s assessment
of credibility to the extent that is possible.  See City of Keller,
168 S.W.3d at 819.  And when an appellant makes a “no evidence” legal
sufficiency challenge, we must simply determine if there is more than a
scintilla of evidence to support the verdict.  See Marathon Corp.
v. Pitzner, 106 S.W.3d 724, 727–28 (Tex. 2003).  Evidence does
not exceed a scintilla if it is so weak as to do no more than create a mere
surmise or suspicion that the fact exists. See Kroger Tex. Ltd. v. Suberu,
216 S.W.3d 788, 793 (Tex. 2006).  

Given
a straightforward reading, the affidavit and the conversation with the agent
are consistent with Mackey’s daughter’s living with her less than half the
year.  Mackey’s testimony, if credited, is consistent with her daughter’s
living with her more than half the year.  Mackey suggests that the evidence can
be reconciled.  She notes that she signed the affidavit during the school year
and so the affidavit should be read to mean that her daughter was staying with
her on the weekends during the school year.  She further argues that the
evidence regarding the recertification process can be understood to mean simply
that Mackey’s daughter was going to school in the district where her father
lived.  

            The
trial court could have accepted this construction of the evidence.  However, it
was not required to accept Mackey’s qualifications or explanations of the
evidence or to construe the affidavit and testimony about the recertification
interview in the way Mackey suggests they should be understood.  The evidence supporting
the conclusion that Mackey’s daughter did not live with her more than half the
year is not so weak that the trial court could not rely on it.  Because more
than a scintilla of evidence supports the trial court’s ruling, we hold that
the evidence is legally sufficient to support the verdict.  We overrule Mackey’s
 three issues.

 

Disposition

            Having
overruled Mackey’s three issues, we affirm the judgment of the
trial court.

 

                                                                                                Brian Hoyle

                                                                                                       
Justice

 

 

 

Opinion delivered May 12, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 


)