# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2013

No. 12-40783
Summary Calendar

Lyle W. Cayce
Clerk

ANN WAGENFUHR,

Plaintiff–Appellant

v.

BP PRODUCTS NORTH AMERICA, INC.,

Defendant–Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:11-CV-135

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ann Wagenfuhr brought suit against BP Products North America, Inc. ("BP") alleging that BP's failure to hire her for a newly created, in-house position was the result of age discrimination in violation of Chapter 21 of the Texas Labor Code.[1]  The district court granted summary judgment in favor of BP,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Federal caselaw addressing Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, is generally applied when interpreting Texas antidiscrimination law.  *See, e.g., AutoZone, Inc.*

No. 12-40783

finding that Wagenfuhr did not raise a genuine issue of material fact showing that BP's justification for not hiring her was a pretext for intentional discrimination.  Wagenfuhr timely appealed.

Assuming that Wagenfuhr established a *prima facie* case of age discrimination based on circumstantial evidence under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), BP justified its decision not to hire her by stating that it hired a more qualified candidate.  Agreeing with the district court that Wagenfuhr has not shown BP's reasoning to be pretextual, we AFFIRM.

## I.

Wagenfuhr worked as a material coordinator in a warehouse at BP's Texas City Refinery for seventeen years before the events giving rise to this case.  From 1993 to 2005, Wagenfuhr was a full-time employee of BP and BP's predecessor.  In 2005, BP decided to outsource her position to a contractor, and at that time, Wagenfuhr officially retired from BP.  She was hired by the contractor, however, and continued on in the same position as a contract employee until 2010.  After finding that the warehouse contained extensive amounts of extra inventory and that the contractor was charging high markups for the contracted work, BP decided to move Wagenfuhr's position back in-house under a newly created position of "Material Analyst."  Company policy required BP to post the position as available to both internal and external candidates.

Upon learning of the plan to eliminate her contract position, Wagenfuhr met with John Carrillo, BP's new warehouse superintendent, to discuss the new "Material Analyst" position.  Carrillo informed her that the position would be opened to other applicants, but invited her to apply for the position as well.  Accordingly, Wagenfuhr submitted an application for the new position along with 185 other applicants.  She and three other candidates ultimately were

---

*v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008).

No. 12-40783

selected for interviews with Carrillo and other BP employees.  Following the interviews, BP decided to hire an outside applicant, Brian Kent Rawls, a fifty-year-old man, to be the new material analyst.  Wagenfuhr was 67 years old when her contract position was eliminated.

Wagenfuhr subsequently filed her complaint against BP alleging age discrimination under Texas law.  Finding that Wagenfuhr had not shown BP's reasoning for hiring Rawls to be pretextual, the district court granted BP's motion for summary judgment.  Wagenfuhr timely appealed.

## II.

We review the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party.  *See Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010).  "Summary judgment is appropriate when the competent summary judgment evidence demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 377 (5th Cir. 2010).  A party has not raised a genuine issue of material fact unless "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In this case, we assume without deciding that Wagenfuhr has stated a *prima facie* case of age discrimination under the *McDonnell Douglas* framework. Under the second step of *McDonnell Douglas*, BP must produce "evidence, which, '*taken as true*, would *permit* the conclusion that there was a nondiscriminatory reason for the adverse action.'" *Price v. Fed. Express Corp.*, 283 F.3d 715, 720 (5th Cir. 2002) (citation omitted) (emphasis in original).  BP justifies its decision not to hire Wagenfuhr on the grounds that it hired a more qualified candidate for the position.  Evidence detailing Rawls's qualifications plainly supports BP's

justification.[2]  In order to avoid summary judgment, Wagenfuhr thus needed to demonstrate that BP's "proffered reason [was] not true, but instead [was] a pretext for intentional discrimination." *Id.*  She contends that BP's justification is pretextual for a number of reasons, but none of her arguments call into question the truth of BP's proffered reason—it hired a more qualified candidate.[3]

Because the district court's well-reasoned opinion extensively discussed many of Wagenfuhr's arguments, we adopt its reasoning and conclude that Wagenfuhr does not raise a genuine issue of material fact nor any other winning argument.[4]  We will, however, briefly discuss two of her arguments that were not clearly addressed by the district court.  First, Wagenfuhr alleges that BP lied to her when she notified Carrillo that she was interested in the new "Material Analyst" position.  Her argument appears to be premised on the fact that Carrillo initially told Wagenfuhr that the position was being created out of the need to hire a "regular full-time BP employee," but BP hired Rawls from outside the company.  As such, she asserts that Carrillo "deliberately lied" to her because she also would have become a regular full-time employee had BP hired

---

[2] Wagenfuhr does not challenge Rawls's qualifications, which were extensive: thirty years of experience in materials management; ten years of experience in a supervisory capacity; experience in managing obsolete inventory; and experience developing materials management plans and completing inventory audits.

[3] Wagenfuhr asserts that the district court erred in requiring her to show that she was clearly better qualified than Rawls, but that is not the case.  The district court expressly stated that "[t]here are many ways that a plaintiff can show" pretext, but one of the most common ways is the "clearly better qualified" standard.  Under that standard, Wagenfuhr falls considerably short.  She argues only that she was an employee for 17 years.  In *Moss v. BMC Software, Inc.*, 610 F.3d 917 (5th Cir. 2010), we stated that length of experience alone does not raise a genuine factual question as to whether one candidate is clearly better qualified than another.  *Id.* at 923.

[4] Wagenfuhr claims that: (1) Carrillo changed the job title of two of her co-workers to "analyst," but neither of the co-workers met the specialized training requirements, which was part of BP's justification for not hiring her; (2) her interview violated BP's policies and procedures; and (3) Carrillo did not mark his score sheet for her interview.  All of these arguments were properly addressed by the district court.

her without posting the position. BP's company policy, however, required that new, in-house positions be posted for both internal and external candidates; Wagenfuhr's testimony acknowledges this fact. But, even if Carrillo's statement can be construed as a lie, it does not demonstrate that BP's most-qualified-candidate justification was false. This argument thus fails to raise a genuine issue of material fact that BP's reason for not hiring her is a pretext for intentional age discrimination.

Wagenfuhr further argues that BP never informed her that she was unqualified for the new position, and that Carrillo invited her to apply for the analyst position. Accordingly, she claims that BP's justification is pretextual because she should have been told up-front that she was not qualified. Although BP did not expressly inform her that she did not meet the qualifications, a detailed description of the job requirements was available in the official job posting, and Wagenfuhr had the opportunity to review those requirements when applying for the position. Moreover, the record shows that Carrillo was not, and had no reason to be, familiar with Wagenfuhr's specific qualifications at the time of his original meeting with her. Furthermore, regardless of whether Carrillo should have told Wagenfuhr she was unqualified during the initial meeting, his failure to do so does not cast any doubt on the central issue: whether BP's proffered reason that it hired Rawls because he was a more qualified candidate is a pretext for intentional age discrimination against Wagenfuhr.

Wagenfuhr was "given a 'full and fair opportunity to demonstrate' that [BP's] proffered reason [was] not true, but instead [was] a pretext for intentional discrimination." *See Price*, 283 F.3d at 720 (citation omitted). She has failed, however, to "substantiate [her] claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision." *Id.* "Whether summary judgment [was] appropriate depends on numerous factors, including 'the strength of the plaintiff's prima facie case, the probative value of the proof

No. 12-40783

that the employer's explanation is false, and any other evidence that supports the employer's case and may properly be considered.'" *Id.* (citation omitted). We conclude that the grant of summary judgment in favor of BP was proper, and the judgment of the district court therefore is

AFFIRMED.