[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 24, 2005
THOMAS K. KAHN
CLERK

No. 04-14477
Non-Argument Calendar
_____

D.C. Docket No. 02-03420-CV-TWT-1

CARL SCHWEERS,

Plaintiff-Appellant,

versus

BEST BUY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(May 24, 2005)

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Carl Schweers appeals the district court's order granting Best Buy, Inc.'s motion for summary judgment in his age discrimination action filed under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. We affirm.

**I.**

In June 1997, Schweers, then fifty-four years old, was hired by Best Buy to work as a merchandise manager in one of its North Carolina stores. A short time later, Schweers was transferred to a store in Atlanta, Georgia to be a general manager, a job with considerably more responsibility.

Within the year, however, Schweers's mother took ill and he asked Best Buy to transfer him to a store closer to his mother so he could take care of her. Best Buy obliged, moving Schweers to another store in suburban Atlanta and shifting him to the sales manager position, a job with less responsibility than general manager. Schweers soon switched to the merchandise manager position in the same store, a job equivalent to sales manager, but one he had more experience with.

During his time with Best Buy, Schweers received eight complaints, or Performance Counseling Reports, from his supervisors for such things as leaving doors to the store and to display cases unlocked, improperly suspending employees, leaving money unsecured, improperly authorizing overtime, and lying

about completing tasks. On May 2, 2002, two weeks before he was fired, Schweers was issued his last PCR for "unacceptable performance" and failure to follow the directions of management. The PCR explicitly stated that this was his final warning.

For the next two weeks, Schweers failed to comply with Best Buy's standard operating procedures for stocking and displaying merchandise. His supervisor also found signs in the back of the store advertising promotions that Schweers had not displayed, although the promotions had expired. On May 17, 2002, Best Buy fired Schweers; he was fifty-nine years old.

Schweers believed, and continues to believe, that he was fired because of his age. After receiving permission from the Equal Employment Opportunity Commission to sue, Schweers filed this lawsuit against Best Buy for employment discrimination based on age. After extensive discovery, Best Buy moved for summary judgment, which the district court granted in full. Schweers appeals.

## II.

"We review <u>de novo</u> a district court's grant of summary judgment, applying the same legal standard as the district court." <u>Chapman v. AI Transp.</u>, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "'Summary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material

3

fact . . . .  In making this determination, the court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment.'"  Id. (quoting Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995)).

The ADEA makes it "unlawful for an employer to . . . discharge any individual . . . because of such individual's age."  29 U.S.C. § 623(a)(1).  A plaintiff may establish a prima facie case of age discrimination with, inter alia, direct evidence of discrimination or circumstantial evidence using a variation of the McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973), four-part test.  Damon v. Fleming Supermarkets of Fla., Inc., 196 F.3d 1354, 1358 (11th Cir. 1999).  Schweers contends that he has presented both direct and circumstantial evidence.

## A.

Direct evidence of discrimination is evidence which reflects "a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee."  Id. (citation and quotations omitted).  "Direct evidence is evidence which itself proves the existence of discrimination and does not require inference or interpretation, as for example a frank admission from a manager that he refused to hire an applicant because he was black or because she was female."  Cooper v. Southern Co., 390 F.3d 695, 724 n.15 (11th Cir. 2004).

4

Direct evidence is "encountered only infrequently, since [it] is composed of only the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of some impermissible factor." Id. (citation and quotations omitted).

As proof of direct evidence that he was fired because of his age, Schweers points to several statements purportedly made by Dean Wheatman, the Best Buy corporate supervisor for Atlanta area stores, including the store Schweers worked at. Wheatman, Schweers contends, called Schweers an "old man," told him he was a "senior member of the management team," and recommended to Schweers's former supervisor that he should be fired. When the former supervisor asked why, Wheatman allegedly said "not to worry about it because Schweers was close to retirement." (This conversation was more than two years before Schweers was fired.)

This is not direct evidence. Assuming, as we do for the purposes of summary judgment, that Wheatman actually made these statements, they still require an inference about his intentions. Wheatman's having called Schweers an "old man" and a "senior member of the management team" does not necessarily, or by implication, mean that Wheatman fired Schweers because of his age. Nor would directing a supervisor to fire Schweers automatically mean that Wheatman wanted Schweers fired for a prohibited reason. In fact, Wheatman's statement not

5

to worry about firing Schweers because he is close to retirement more likely means that Wheatman found Schweers unqualified, but decided to avoid a confrontation because he would be leaving soon anyway. Whatever the case, direct evidence of age discrimination would be more like, "Fire Schweers because he is too old." Neither that statement nor anything close to it was ever made.

**B.**

Circumstantial evidence, in contrast to direct evidence, requires an inference beyond the face of the evidence itself that an employer intended to fire the employee because of the employee's age. It is much more commonly encountered.

To evaluate circumstantial evidence in age discrimination cases, we use a modified form of the McDonnell Douglas test. Under that modified form, a employee establishes a prima facie case of age discrimination based on circumstantial evidence by demonstrating that he "(1) was a member of the protected age group, (2) was subjected to adverse employment action, (3) was qualified to do the job, and (4) was replaced by or otherwise lost a position to a younger individual." Chapman, 229 F.3d at 1024. When the plaintiff establishes a prima facie case, it creates a presumption that the employer unlawfully discriminated against the employee. Id.

Here, all parties concede that Schweers has met the first, second, and fourth parts of the test. However, Best Buy contends that Schweers was not qualified to be merchandise manager because of the numerous complaints about his poor job performance. This is a tough sell. Schweers had over thirty years of experience in retail management, which is why Best Buy initially hired him as a general manager, a position with considerably more responsibility than the merchandise manager position he held when he was fired. Accordingly, we agree with the district court that Schweers established a prima facie case for age discrimination.

But, the inquiry does not end there. Once an employee establishes a prima facie case, the burden shifts to the employer to "articulate a legitimate, nondiscriminatory reason for the challenged employment action." Id. The employer's burden is "merely one of production; it need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant's evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff." Id. (quotations omitted).

If the employer articulates one or more legitimate, non-discriminatory reasons for the decision, the presumption of discrimination is eliminated and "the plaintiff has the opportunity to come forward with evidence, including the previously produced evidence establishing the prima facie case, sufficient to

permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." Id. (quotations omitted). If the employee does not present evidence creating a genuine issue of material fact that the employer's articulated reason is pretextual, the district court should grant summary judgment in favor of the employee. Id. at 1024–25. "[A] reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993) (quotation omitted).

Best Buy argues that it fired Schweers for a legitimate, non-discriminatory reason, namely, his continued failure to perform core tasks required of a merchandise manager, even after being warned that he was not performing up to snuff. Schweers concedes that Best Buy "presented competent evidence that it had a business reason for discharging [him]." (R.1:32:21–22).

Schweers stakes his case on the contention that Best Buy's proffered reason is a pretext for its actual reason for firing him—his age. As evidence, Schweers offers three pieces of circumstantial evidence: (1) Best Buy employees in other stores who received a number of PCRs were not fired, although these other employees were not involved in the same or similar conduct; (2) prior supervisors

said that he had a "superior track record"; and (3) Best Buy did not follow its standard operating procedures in firing him. Each of these pieces of circumstantial evidence is insufficient to establish pretext under the law of this circuit. See Maniccia v. Brown, 171 F.3d 1364, 1368 (11th Cir. 1999) ("In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways. . . . We require that the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." (citation and quotation omitted)); Rojas v. Florida, 285 F.3d 1339, 1343 (11th Cir. 2002) ("Rojas has also presented evidence that her [prior supervisors] praised her work . . . . These differences in the evaluation of Rojas's performance do not establish a genuine issue on pretext. Different supervisors may impose different standards of behavior, and a new supervisor may decide to enforce policies that a previous supervisor did not consider important."); Mitchell v. USBI Co., 186 F.3d 1352, 1355–56 (11th Cir. 1999) ("Even assuming that USBI did deviate from its policy, this deviation does not raise an inference of discrimination. Standing alone, deviation from a company policy does not demonstrate discriminatory animus.").

Schweers's remaining assertions—that Best Buy had a "youth culture" and Wheatman somehow secretly influenced the decision to fire him—are not supported by the record before the district court. See Chapman, 229 F.3d at 1026 ("The rule is that a federal appellate court may examine only the evidence which was before the district court when the latter decided the motion for summary judgment." (quotation omitted)). In sum, Schweers has not shown that Best Buy's reason for firing him—his failure to do the basic requirements of his job—was false or that discrimination was the real reason. See St. Mary's Honor Ctr., 509 U.S. at 515, 113 S. Ct. at 2752.

AFFIRMED.