

# NUMBER 13-16-00004-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

JUAN BAZALDUA JR.,                                   **Appellant,**

## v.

CITY OF LYFORD, TEXAS,                               **Appellee.**

---

### On appeal from the 197th District Court
### of Willacy County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Juan Bazaldua Jr. filed an age-discrimination suit against the City of Lyford (the "City") alleging the City terminated his employment in violation of the Texas Commission on Human Rights Act ("TCHRA"). The trial court granted the City's plea to the jurisdiction and dismissed Bazaldua's cause of action. By one issue, Bazaldua argues the trial court erred in granting the City's plea to the jurisdiction because he presented direct evidence of discrimination. We affirm.

## I. BACKGROUND

The undisputed jurisdictional facts are as follows.[1]  Bazaldua was employed by the City as a laborer in the City's public works department.  As one of the six laborers working for the City, Bazaldua's duties included cleaning and maintaining parks and streets, meter reading, mechanic work, and carpentry.  The City purchased a new leaf blower that was fueled by a mixture of oil and gasoline.  Bazaldua and other crew members were assigned to clean the streets around the City cemetery, which required the use of the leaf blower.  Following a request by one of the crew members, Bazaldua filled the two-gallon fuel container for the leaf blower with gasoline, but he failed to add the oil mixture.  As a result, the leaf blower was destroyed while another crew member was operating it with the gasoline prepared by Bazaldua.

Bazaldua's supervisor, Javier Lopez, investigated the incident and issued Bazaldua a written reprimand for failing to properly mix the fuel.  Lopez presented the written reprimand to Bazaldua for his signature and also informed him that he would have to pay for a replacement.  Bazaldua refused to sign the reprimand and to pay for the replacement equipment.  Lopez asked Bazaldua to leave and told him he was fired.

The City's policies required that the City Council approve all employee dismissals. The City Council considered Bazaldua's termination two weeks later and approved his dismissal.  Bazaldua was forty-nine years old when his employment was terminated.

---

[1] The record reflects that a hearing was held on the City's plea to the jurisdiction.  Bazaldua, however, did not request the preparation of a reporter's record for inclusion in the appellate record, and the parties have not indicated whether any evidence was presented at the hearing.  Consequently, the parties rely exclusively on the evidence attached to the City's plea to the jurisdiction and Bazaldua's response thereto.

Bazaldua filed suit alleging the City discriminated against him by terminating his employment on the basis of age. The City filed a plea to the jurisdiction arguing Bazaldua failed to present a prima facie case of age discrimination because he was replaced by an older employee. The City asserted that its governmental immunity from suit was not waived and that Bazaldua's claim should be dismissed. The City's plea to the jurisdiction was supported by the affidavit of the City's Secretary Lydia Moreno. The affidavit provided that two months after Bazaldua was terminated, the City hired a fifty-five year old worker to replace Bazaldua.

Bazaldua responded to the City's plea to the jurisdiction and argued that he had presented direct evidence of age discrimination. Bazaldua's response was supported by his affidavit in which he avers that Lopez would routinely address him as "viejo", which means "old man" in Spanish. Bazaldua's response was also supported by his deposition testimony and the deposition testimony of Lopez and Moreno.

The trial court granted the City's plea to the jurisdiction and dismissed Bazaldua's cause of action for want of jurisdiction. This appeal followed.

## II. Discussion

By one issue, Bazaldua argues the trial court erred in granting the City's plea to the jurisdiction. Specifically, Bazaldua maintains that the trial court granted the City more relief than it was entitled under the law and that Bazaldua presented direct evidence of discrimination.[2]

---

[2] Bazaldua frames his issue on appeal as presenting the following four sub-issues: (1) "whether the trial court erroneously granted the City of Lyford more relief than it was entitled to under the law precluding dismissal for want of jurisdiction"; (2) "whether Bazaldua has direct evidence of discriminatory animus against the City of Lyford precluding dismissal for want of jurisdiction"; (3) "whether material issues

3

## A. Standard of Review

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Subject matter jurisdiction is a question of law; therefore, when the determinative facts are undisputed, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id*. "Sovereign immunity deprives a trial court of jurisdiction over lawsuits in which the state or certain governmental units have been sued, unless the state consents to suit. As a result, immunity is properly asserted in a plea to the jurisdiction." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012).

When, as here, a plea to the jurisdiction challenges the existence of jurisdictional facts, a trial court's review "mirrors that of a traditional summary judgment motion." *Id*. at 635. The trial court must take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Miranda*, 133 S.W.3d at 228. If there is a fact question regarding the jurisdictional issue, the trial court must deny the plea to the jurisdiction. *Id*. at 227–28. However, if the

---

of jurisdictional fact exist as to whether Bazaldua's evidence constitutes direct evidence precluding dismissal for want of jurisdiction"; and (4) "whether the Texas Supreme Court's opinion in *Mission CISD v. Garcia* requires the dismissal of Bazaldua's TCHRA age discrimination claims brought under the *McDonnel Douglas* method of proof." We construe appellant's brief as raising two discrete sub-issues, which we will address as stated above.

evidence is undisputed or if the plaintiff failed to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law.   *Id.* at 228.

## B.   Age Discrimination

The TCHRA provides a limited waiver of sovereign immunity for employment discrimination claims.   *Garcia*, 372 S.W.3d at 637; *see* TEX. LAB. CODE ANN. § 21.254 (West, Westlaw through 2015 R.S.).   An employer commits an unlawful employment practice "if because of race, color, disability, religion, sex, national origin, or age the employer . . . fails or refuses to hire an individual, discharges an individual, or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment[.]"   TEX. LAB. CODE ANN. § 21.051(1) (West, Westlaw through 2015 R.S.).

A plaintiff may prove a claim of intentional discrimination by either direct or circumstantial evidence.   *Garcia*, 372 S.W.3d at 634.   A plaintiff demonstrates discrimination by circumstantial evidence pursuant to the modified burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*.   411 U.S. 792, 802–04 (1973).   Under this framework, a plaintiff is entitled to a presumption of discrimination if he meets an initial burden of establishing a prima facie case of discrimination.   *Id.*

In claims brought under the TCHRA, a plaintiff seeking to prove discrimination by circumstantial evidence must demonstrate a prima facie case of discrimination to invoke that statute's limited waiver of sovereign immunity. [3]   *Garcia*, 372 S.W.3d at 637.

---

[3] Once the plaintiff establishes a prima facie case under *McDonnell Douglas Corp. v. Green*, the burden shifts to the defendant to rebut the presumption of discrimination with evidence of a legitimate, nondiscriminatory reason for the employment action.   411 U.S. 792, 802 (1973).   It then becomes the plaintiff's burden to show that the reason offered was a pretext for discrimination.   *Id.* at 807.   However,

Therefore, the prima facie elements of a discrimination claim are jurisdictional facts properly challenged in a plea to the jurisdiction. *Id.* "Although the precise elements of this [prima facie] showing will vary depending on the circumstances, the plaintiff's burden at this stage of the case 'is not onerous.'" *Id.* at 634. The plaintiff "must plead the elements of [his] statutory cause of action—here the basic facts that make up the prima facie case—so that the court can determine whether [he] has sufficiently alleged a TCHRA violation," but "[he] will only be required to submit evidence if the [employer] presents evidence negating one of those basic facts." *Id.* at 637. A plaintiff need only raise a fact issue as to the challenged prima facie element to survive a plea to the jurisdiction. *Id.* at 635.

In a true replacement case, to establish a prima facie case of age discrimination, the plaintiff must show that he was: (1) a member of the protected class under the TCHRA (age forty or older); (2) qualified for his employment position; (3) terminated by the employer; and (4) replaced by someone younger. *Id.* at 642. A plaintiff who is replaced by someone older is unable to meet the fourth element of the prima facie case and must present direct evidence of discriminatory animus to survive a plea to the jurisdiction. *See id.* (explaining that a plaintiff who is replaced by older worker can still prove age discrimination via direct evidence). We note that one of the purposes of the TCHRA is to provide for the execution of the policies of Title VII of the Civil Rights Act of 1964; therefore, analogous federal statutes and interpretative cases guide our reading of the TCHRA. *Id.* at 633–34.

---

the Texas Supreme Court determined that only the prima facie elements of the plaintiff's case are jurisdictional. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635–38 (Tex. 2012).

## C. Analysis

### 1. The Trial Court Did Not Grant More Relief Than Requested

Bazaldua first argues that the trial court erred in granting the City more relief than it was entitled under the law. Specifically, Bazaldua maintains that the City's plea to the jurisdiction "solely attacked [Bazaldua's] age claims under the *McDonnel Douglas* [circumstantial evidence] method of proof." Therefore, Bazaldua claims that "the issue of whether [Bazaldua] failed to allege an age discrimination claim . . . through the direct evidence method was never presented to the trial court."

In support of his argument, Bazaldua relies on *Lehmann v. Har-Con Corp.*, in which the Texas Supreme Court explained in dicta that "[a] judgment that grants more relief than a party is entitled to is subject to reversal[.]" 39 S.W.3d 191, 200 (Tex. 2001). The court's statement was made in reference to the following hypothetical: "[I]f a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final." *Id.* In contrast to the hypothetical posed in *Lehmann*, the City's plea to the jurisdiction sought dismissal of Bazaldua's sole age-discrimination claim. For that reason, *Lehmann* offers no guidance for this case.

The City's plea to the jurisdiction asserted that the trial court lacked subject matter jurisdiction and presented evidence negating an element of Bazaldua's prima facie case by way of Moreno's affidavit in which she avers that Bazaldua was replaced by an older worker. *See Garcia*, 372 S.W.3d at 642 (holding that "a plaintiff who is replaced by an older worker does not receive the inference of discrimination that the prima facie case

7

affords"). Bazaldua did not challenge this evidence; therefore, he was required to present direct evidence sufficient to raise a fact question on the issue of discriminatory intent. *See id.* ("[The] evidence negated one of the essential elements of the prima facie case, thus triggering [the plaintiff's] duty to raise a fact question on the issue of discriminatory intent."). Bazaldua attempted to meet his burden by presenting evidence that Lopez would routinely refer to him as "viejo." Therefore, the trial court was required to determine whether such evidence created a fact question regarding discriminatory intent. *See id.*

### 2. No Direct Evidence Of Discrimination

Bazaldua argues that Lopez's routine use of the word "viejo" constitutes direct evidence of discrimination; therefore, the trial court erred in granting the City's plea to the jurisdiction. The City responds that this evidence constitutes a "stray remark" and is not direct evidence of discrimination as a matter of law.

By his affidavit, Bazaldua testified: "When [Lopez] addressed me, he would not call me by name. Instead, he would call me 'viejo,' a Spanish word which means 'old man.' For example, [Lopez] would routinely instruct me by saying, 'Viejo, go do this . . . Viejo, go do that . . .'"

Direct evidence of discrimination "is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 310 n.6 (5th Cir. 2004) (quoting *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 897 (5th Cir. 2002)); *see also Jespersen v. Sweetwater Ranch Apartments*, 390 S.W.3d 644, 653–54 (Tex. App.—Dallas 2012, no pet.). "If an inference is required

for the evidence to be probative as to the employer's discriminatory animus in making the [adverse] employment decision, the evidence is circumstantial, not direct." *Jespersen*, 390 S.W.3d at 653–54. Statements and remarks may serve as direct evidence of discrimination only if they are (1) related to the employee's protected class, (2) close in time to the employment decision, (3) made by an individual with authority over the employment decision, and (4) related to the employment decision at issue.[4] *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 593 (Tex. 2008); *see Brown v. CSC Logic, Inc.,* 82 F.3d 651, 655 (5th Cir. 1996). If the alleged workplace comment does not meet these four requirements, the comment cannot be considered direct evidence of discrimination and is treated as a "stray remark." *Jackson v. Cal–Western Packaging Corp.*, 602 F.3d 374, 380 (5th Cir. 2010).

Bazaldua has provided no evidence that the use of the term "viejo" was proximate in time to his firing or related to the employment decision at issue. Bazaldua provided no specific examples of when Lopez allegedly called him "viejo." He claims only that Lopez generally referred to him in that manner. The comments appear wholly unrelated to Bazaldua's termination, and he has not presented any evidence to show otherwise. *See AutoZone,* 272 S.W.3d at 593; *see also Schweers v. Best Buy, Inc.* 132 Fed. Appx. 322, 324 (11th Cir. 2005) (not selected for publication) (concluding that the supervisor's references to plaintiff as "old man" and "senior member of the management team" was not direct evidence of age discrimination); *Chargois v. Fair Grounds Corp.,* 161 F.3d 8

---

[4] Where a plaintiff offers remarks to show discrimination by circumstantial evidence, the remarks need only establish: (1) discriminatory animus (2) on the part of a person that is either primarily responsible for the challenged employment action or by a person with influence or leverage over the relevant decision-maker. *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 441 (5th Cir. 2012).

(5th Cir. 1998) (not selected for publication) (concluding that evidence that supervisor referred to plaintiff as an "old man" and told him "you don't need this job" only implied discrimination, and did not provide direct evidence of discrimination; therefore plaintiff was required to demonstrate discrimination under the *McDonnell Douglas* framework). We conclude that Bazaldua's evidence does not constitute direct evidence of discrimination; therefore, he failed to raise a fact question on the issue of discriminatory intent.   *See Garcia*, 372 S.W.3d at 642; *AutoZone,* 272 S.W.3d at 593.

### 3.  Summary

Bazaldua was replaced by an older worker; therefore, he is unable to establish a prima facie case of age discrimination.   *See Garcia*, 372 S.W.3d at 642*.*   Furthermore, we cannot consider the remarks made by Bazaldua's supervisor as direct evidence of discrimination because the remarks fail to meet the *AutoZone* criteria.   *See AutoZone*, 272 S.W.3d at 593.   By failing to create a fact question through circumstantial or direct evidence, Bazaldua did not invoke the TCHRA's limited waiver of immunity, and the trial court was deprived of jurisdiction over the suit.   *See Garcia*, 372 S.W.3d at 636.   We overrule Bazaldua's sole issue on appeal.

### III.  CONCLUSION

We affirm the judgment of the trial court.

GREGORY T. PERKES
Justice

Delivered and filed the
1st day of September, 2016.

10