**Opinion issued June 15, 2023**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-22-00680-CV

—————————————

**HOUSTON INDEPENDENT SCHOOL DISTRICT, Appellant**

**V.**

**JOHNYALE MCDANIEL, Appellee**

---

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-17330**

---

## MEMORANDUM OPINION

Appellee Johnyale McDaniel sued her former employer, appellant Houston Independent School District ("HISD") for sex and race discrimination and retaliation under the Texas Commission on Human Rights Act ("TCHRA").[1] HISD

---

[1]    *See* TEX. LAB. CODE §§ 21.051, 21.055.

brings this interlocutory appeal,[2] challenging the trial court's denial of its plea to the jurisdiction. We reverse and render a take-nothing judgment in favor of HISD.

## Background

This case concerns McDaniel's employment as a police officer with HISD. McDaniel was terminated by HISD in November 2016. In March 2018, as part of a mediated settlement, McDaniel was reinstated as a police officer with seniority as of the date of her termination. She was assigned to Waltrip High School as a police officer. In fall 2018, McDaniel filed a TCHRA complaint with the Equal Employment Opportunity Commission ("EEOC") and the Texas Workforce Commission ("TWC") alleging retaliation by a coworker against whom she had filed a separate complaint before her reinstatement. She amended the complaint to include additional retaliatory allegations in May 2019. In March 2020, she sued HISD. Her live petition, amended after her termination from HISD in May 2020, alleges claims for retaliation and discrimination based on her race and sex in violation of the TCHRA. HISD filed a plea to the jurisdiction requesting dismissal of McDaniel's claims for want of jurisdiction. HISD argued that its immunity is not waived. McDaniel did not respond to the plea.

---

[2] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

2

## A.     McDaniel's Employment with HISD

McDaniel's discrimination and retaliation claims concern her employment between 2018 and 2020 with HISD.

### 1.     Attendance issues

Beginning in July 2018, a police captain informed HISD Assistant Police Chief L. Rogers that McDaniel was tardy and left early from work. Due to the nature of the allegations, Assistant Chief Rogers contacted Chief P. Cordova who requested that the Internal Affairs Department ("IAD") investigate. In December 2018, the IAD investigation report found that McDaniel was excessively tardy without notifying her supervisor and did not record her time off. The report also found that she reported overtime in May 2018 when she was not working. Concluding that McDaniel violated HISD police department directives, a letter of reprimand was placed in McDaniel's personnel file in May 2019.

### 2.     Body camera privacy

In September 2018, an HISD police officer filed a complaint with the Employee Relations Department alleging she was subjected to a hostile work environment by McDaniel and another officer. The same day, McDaniel reported that the police officer who made the report had tampered with McDaniel's body camera, violating her privacy. After an investigation, HISD concluded that McDaniel's claim was unfounded.

### 3. McDaniel's assignment to Cullen Middle School and subsequent attendance issues

A few months later, McDaniel was reassigned from Waltrip High School to Cullen Middle School. McDaniel's supervisor notified her that the change was to ensure adequate campus coverage. In January 2019, McDaniel's supervisor, Sergeant Grant, issued an attendance notification to her, noting concern for her attendance and requesting doctor's documentation for her absences. One month later, he issued McDaniel a memorandum noting concerns for her lack of presence on campus and her lack of response to dispatch calls. McDaniel filed a workplace bullying complaint against Sergeant Grant. She alleged that Sergeant Grant denied her permission to attend a training class, changed her work hours, and issued a memo regarding her attendance.

An HISD employee relations investigative committee found that Sergeant Grant did not bully McDaniel because as a manager, he could deny her request to attend training and the request was denied due to staffing issues. The committee also found that McDaniel missed 50 days of work in the second half of 2018 and that her supervisor could change her work schedule to fit the needs of the department and the school.

### 4. McDaniel's termination

In December 2020, HISD was notified by HPD of a sexual assault case involving a student at Paul Revere Middle School. The forensic investigation

found that McDaniel, who was the campus police officer, had been aware that the student reported being sexually assaulted by her father. The investigation found that McDaniel released the child from school to the alleged suspect, her father, who then sexually assaulted the child again later the same day. The investigator also reported to HISD that McDaniel did not contact child protective services or local law enforcement before releasing the child.

HISD initiated another IAD investigation against McDaniel. During the investigation, HISD Captain Barbosa directed McDaniel not to have contact with her immediate supervisor and instead to report to Captain Barbosa directly. While the investigation was ongoing, McDaniel was first transferred to a different middle school and later assigned to administrative duties pending the outcome of the investigation.

Sergeant Royal issued an IAD investigative report, which was reviewed by Captain Barbosa. Captain Barbosa concluded that McDaniel used improper police procedures by neglecting to ensure the safety and well-being of the outcry victim and failing to forward a report to HPD, which delayed a response from both child protective services and HPD.

In May 2021, the IAD Disciplinary review committee reviewed both the investigation and Captain Barbosa's conclusions and recommended McDaniel's

termination. The committee consisted of seven individuals. Chief Lopez then made the decision to terminate McDaniel.

Captain Barbosa informed McDaniel that she violated HISD police department directives because she failed to exercise authority and used poor judgment, neglected to perform her duties, and failed to uphold her oath of office. He further stated that she violated policy by not activating her body camera on at least one occasion when it was required. Given her multiple violations, she was terminated and not eligible for rehire, effective May 10, 2021.

## B. McDaniel's EEOC/TWC complaint and lawsuit

In October 2018, McDaniel alleged in a EEOC and TWC complaint that a coworker retaliated against her. McDaniel had filed a previous EEOC complaint against the coworker regarding issues prior to McDaniel's March 2018 reinstatement. She amended her retaliation complaint in May 2019. She stated that an officer retaliated against her by filing a complaint stating that McDaniel created a hostile work environment. McDaniel alleged that as a result of the complaint, she was reassigned to Cullen Middle School. She also alleged that because she filed a bullying complaint against Sergeant Grant, she was written up for violation of HISD attendance policy.

In March 2020, McDaniel sued HISD. Her live petition alleges that the HISD police department discriminated against her because of her race and gender

and retaliated against her in violation of the TCHRA. This interlocutory appeal concerns the denial of HISD's plea to the jurisdiction.[3] HISD argued that its immunity is not waived and that McDaniel cannot establish essential elements of her claim. Along with documentary evidence, HISD attached McDaniel's deposition testimony, affidavits from Assistant Chief Rogers and Chief Lopez, and deposition testimony from Sergeant Alexander and another police officer. McDaniel did not respond. The court denied the plea, and HISD appealed.

## Plea to the Jurisdiction

HISD argues that the trial court erred in denying its plea to the jurisdiction because the evidence establishes that McDaniel did not exhaust her administrative remedies by timely filing a TWC/EEOC complaint for her discrimination claims and did not establish a prima facie case of retaliation. HISD asserts its immunity is not waived, and the trial court lacked subject-matter jurisdiction over McDaniel's claims.

## A. Standard of Review

We review a trial court's denial of a plea to the jurisdiction de novo. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Governmental units enjoy sovereign immunity from lawsuits except where the

---

[3] During the litigation, the court granted a prior plea to the jurisdiction as to McDaniel's claim of intentional infliction of emotional distress and denied McDaniel's motions for temporary restraining order and temporary injunctive relief. McDaniel's live petition includes discrimination and retaliation claims.

7

Legislature waives immunity. *Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). For purposes of sovereign immunity, school districts, like HISD, are political subdivisions of the State. *See* TEX. CIV. PRAC. & REM. CODE § 101.001(3)(B). Sovereign immunity deprives a trial court of subject-matter jurisdiction. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). The Legislature has provided a limited waiver of immunity for claims brought against governmental units alleging violations of the TCHRA as found in the Texas Labor Code Chapter 21. *Id.* at 636–37. The waiver extends only to suits in which the pleadings state a prima facie claim for a TCHRA violation, otherwise the governmental unit retains immunity from suit. *Id.* at 636.

The governmental entity may challenge subject-matter jurisdiction through a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225–26. The plea can attack both the facts as pleaded as well as the existence of jurisdictional facts by attaching evidence to the plea. *Id.* at 226–27. When the defendant challenges the existence of jurisdictional facts with supporting evidence, the court must move beyond the pleadings and consider the evidence. *Texas Dep't of Transp. v. Lara*, 625 S.W.3d 46, 52 (Tex. 2021) (citing *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018)). In such cases, the standard of review mirrors that of summary judgments. *Alamo Heights*, 544 S.W.3d at 771. If the defendant challenges the plaintiff's factual allegations "with supporting evidence necessary to

the consideration of the plea to the jurisdiction, to avoid dismissal, the plaintiff[] must raise at least a genuine issue of material fact to overcome the challenge to the trial court's subject matter jurisdiction." *Id.* In determining whether a material fact issue exists, we take as true all evidence favorable to the plaintiff, indulging ever reasonable inference and resolving any doubts in the plaintiff's favor. *Id.* (citing *Miranda*, 133 S.W.3d at 225–26). At the same time, we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not. *Id.*

## B.    The TCHRA

The TCHRA prohibits an employer from discriminating against employees based on "race, color, disability, religion, sex, national origin, or age[.]" TEX. LAB. CODE § 21.051. Similarly, the TCHRA protects employees from retaliation by their employer for, among other things, reporting discrimination, including filing a TCHRA complaint. *Id.* § 21.055(1)–(3). In adopting the TCHRA, the Legislature "intended to correlate state law with federal law in employment discrimination cases"; accordingly, we may look to federal law to interpret its provisions. *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (per curiam) (internal quotation and citation removed).

**C.    Analysis**

**1.    McDaniel failed to file a timely administrative complaint regarding discrimination.**

HISD argues that the trial court erred in denying its plea to the jurisdiction regarding McDaniel's race and gender discrimination claims. HISD asserts that the trial court does not have subject-matter jurisdiction over the claims because McDaniel failed to comply with mandatory, jurisdictional statutory prerequisites. Thus, its immunity is not waived.

To bring suit for unlawful employment practices, a plaintiff must first have filed an administrative complaint with the EEOC or TWC "not later than the 180th day after the date the alleged unlawful employment practice occurred." *See* TEX. LAB. CODE § 21.202(a). In a suit against a governmental entity, such as HISD, the filing requirement is mandatory and jurisdictional. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 503, 510–14 (Tex. 2012) (holding that 180-day limit is jurisdictional under section 311.034 of the Texas Government Code). The period begins when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition. *Id.* at 516 (quoting *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 493 (Tex. 1996)).

The uncontroverted evidence shows that when McDaniel initially filed her administrative complaint, she alleged only retaliation, and not discrimination. While she amended her complaint, she did so only to complain of "numerous

10

retaliatory conduct" from management officials. In her live petition, she alleges that HISD discriminated against her based on her race and gender. McDaniel's termination occurred on May 10, 2021. She never filed an administrative complaint of discrimination, nor did she amend her then-pending complaint within the timeframe to include discrimination. Therefore, she did not exhaust her administrative remedies. *See* TEX. LAB. CODE § 21.202 (providing discrimination complaint asserting violation of Chapter 21 must be filed within 180 days of the date the discriminatory employment practice occurred). Because she failed to file a complaint alleging discrimination, she did not exhaust her administrative remedies for this claim. HISD's governmental immunity is not waived, and the court lacks subject matter jurisdiction over her discrimination claims. *Chatha*, 381 S.W.3d at 503, 510–14.

### 2. McDaniel did not establish a prima facie case of retaliation.

HISD argues that the trial court erred in denying its plea to the jurisdiction because McDaniel did not establish a prima facie case of retaliation. In determining whether a plaintiff has a valid TCHRA claim, Texas courts recognize two alternative methods of proof. *Mission Consol.*, 372 S.W.3d at 634. First, a plaintiff may prove unlawful discriminatory or retaliatory intent via direct evidence. *Id.* Because it is difficult to prove discriminatory animus through direct evidence, courts recognize a second method to establish a claim of either

discrimination or retaliation, known as the *McDonnell Douglas* burden-shifting framework, which allows a plaintiff to rely on circumstantial evidence to establish his claims. *Id.*; *see also Texas Tech Univ. Health Sci. Ctr.-El Paso v. Flores*, 612 S.W.3d 299, 305 (Tex. 2020) (recognizing that direct evidence of discriminatory intent is typically hard to come by); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804–05 (1973).

Under the *McDonnell Douglas* framework, the plaintiff must first establish a prima facie case of discrimination or retaliation, which creates a presumption of a TCHRA violation. *Alamo Heights*, 544 S.W.3d at 782. The burden then shifts to the defendant to rebut that presumption by producing a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* In a retaliation case, the burden shifts to the plaintiff to raise a genuine issue of material fact as to whether his protected activity was the but-for cause of the adverse employment action. *Id.*

To establish a prima facie case of unlawful retaliation sufficient to waive immunity, the employee must show: (1) she engaged in an activity protected by the TCHRA; (2) she experienced a material adverse employment action; and (3) a casual link exists between the protected activity and the adverse action. *Id.* Relevant here, protected activities include opposing a discriminatory practice and filing a complaint. TEX. LAB. CODE § 21.055(1), (3); *Chandler v. CSC Applied*

*Techs., LLC*, 376 S.W.3d 802, 822 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (listing protected activities).

In the retaliation context, the adverse employment action is not limited to conduct that constitutes "ultimate employment decisions." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) (internal quotation and citation removed). The retaliation provision only protects an individual from actions that a reasonable employee would have found materially adverse. *Id.* at 67–68. "Material" actions are those "that are likely 'to deter victims of discrimination from complaining to the EEOC,' the courts, and their employers." *Id.* at 68 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997)). "[N]ormally, petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." *Id.* This objective standard is applied to a fact-specific inquiry "because the significance of any given act of retaliation will often depend upon the particular circumstances. Context matters." *Id.* at 69.

Once the plaintiff establishes its prima facie case, an employer can then defeat the presumption of retaliation by "producing evidence of a legitimate, nondiscriminatory reason for the disputed employment action." *Alamo Heights*, 544 S.W.3d at 782. The burden then shifts back to the employee to provide evidence that the adverse action would not have occurred when it did but for the protected activity. *Id.*

In *Alamo Heights*, the court identified a series of factors that are useful in analyzing the causal link in a retaliation case:

> In evaluating but-for causation evidence in retaliation cases, we examine all of the circumstances, including temporal proximity between the protected activity and the adverse action, knowledge of the protected activity, expression of a negative attitude toward the employee's protected activity, failure to adhere to relevant established company policies, discriminatory treatment in comparison to similarly situated employees, and evidence the employer's stated reason is false.

544 S.W.3d at 790. The Texas Supreme Court also emphasized that these factors may be relevant in some, but not all situations, and should not be considered a replacement for the but-for-causation standard. *Apache Corp. v. Davis*, 627 S.W.3d 324, 336 (Tex. 2021) (recognizing that these "factors may be more helpful in some cases and less in others" and that "[s]ome of the factors may actually be a distraction."). Accordingly, it recognized that "determining but-for causation cannot be a matter of weighing—or worse, counting—factors that may be helpful in analyzing circumstantial evidence in some situations." *Id.* at 337.

McDaniel contends that: her privacy was invaded when a fellow officer tampered with her body camera; she was reassigned to a different school upon returning from leave; her work hours changed; she was denied an opportunity to attend a training; she was written up for attendance issues and policy infractions; and she was subject of multiple internal investigations, one of which served as the basis for her termination in May 2021. HISD argues that McDaniel failed to

14

establish a causal link between any protected activity and the separation from her employment, and it attached evidence to prove the same. McDaniel did not respond to HISD's plea to the jurisdiction.

McDaniel has not alleged sufficient jurisdictional facts to create a fact issue regarding the existence of a causal link between her filing a TWC complaint and her termination. Relatedly, she has not established that but for filing the complaint, the adverse action would not have occurred when it did. *Alamo Heights*, 544 S.W.3d at 782.

The record does not reflect that HISD employees knew of McDaniel's TWC complaint when terminating her employment. McDaniel's petition asserts that Assistant Chief Rogers was the "impetus behind" HISD's discriminatory action against her. She did not provide facts to support this allegation, and she did not respond to the plea to the jurisdiction. HISD's uncontroverted jurisdictional evidence demonstrates that Assistant Chief Rogers did not make the decision to terminate McDaniel. Instead, Chief Lopez, after reviewing independent investigation reports and the review of a disciplinary committee, made the decision to terminate McDaniel due to multiple policy violations. Chief Lopez testified that he did not know that McDaniel had previously complained of discrimination, and that, even if he had known, he would have made the decision to terminate McDaniel because she violated HISD police department directives. Where a

decision maker is unaware of an employee's protected conduct at the time of the decision, the decision maker "plainly could not have retaliated against the employee based on that conduct." *Cnty. of El Paso v. Aguilar*, 600 S.W.3d 62, 93 (Tex. App.—El Paso 2020, no pet.) (quoting *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 168 (5th Cir. 1999)). McDaniel also testified that she did not know the names of any HISD employees who were aware that she had filed a complaint of retaliation. McDaniel has not created a fact issue as to the connection between any retaliatory conduct and her termination.

Furthermore, McDaniel has not presented evidence that she received discriminatory treatment compared to any similarly situated employee. *See Alamo Heights*, 544 S.W.3d at 790. Employees are similarly situated if their circumstances are comparable in all material respects, including similar standards, supervisors, and conduct. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 584 (Tex. 2017). Notably, "[t]he situations and conduct of the employees in question must be nearly identical." *Id.* (internal quotations and citations omitted). "Employees with different responsibilities, supervisors, capabilities, work rule violations, or disciplinary records are not considered to be nearly identical." *AutoZone*, 272 S.W.3d at 594 (internal quotations omitted). McDaniel did not allege that she received less favorable treatment than any similarly situated employee.

16

After reviewing the record, we conclude that HISD's uncontested evidence shows that McDaniel's termination was not causally related to her filing an administrative complaint. Having concluded that the jurisdictional evidence negates the causation element of McDaniel's retaliation claim, we conclude that HISD retains immunity, and the trial court erred in denying HISD's plea to the jurisdiction related to this claim.

## Conclusion

We reverse the trial court's judgment denying the plea to the jurisdiction and render judgment dismissing McDaniel's claims for lack of jurisdiction.

Peter Kelly
Justice

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.